IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**AP FABRICATIONS, LLC and**                                                   **PLAINTIFFS**
**AGRI PROCESS INNOVATIONS, INC.**

**v.**                        **CASE NO. 4:11CV00327 BSM**

**WOOFTER CONSTRUCTION & IRRIGATION, INC.**                 **DEFENDANT**

## ORDER

Defendant Woofter Construction & Irrigation, Inc. ("Woofter") moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). [Doc. No. 3]. Plaintiffs AP Fabrications ("APF") and Agri Process Innovations, Inc. ("API") object [Doc. No. 6]. For the reasons set forth below, Woofter's motion is granted.

## I.  BACKGROUND

Woofter moves to dismiss the complaint arguing that API and APF cannot establish personal jurisdiction over Woofter, and even if they could, that venue is not proper here. Woofter is a Kansas corporation, Complaint ¶ 5, and was referred to API by an Illinois corporation. Affidavit of Larry McDonald, ¶¶ 5, 6. Woofter made contact with API and an API representative came to Woofter's offices in Kansas. McDonald Aff., ¶¶ 7, 8. Woofter learned that API's sister company, APF, performs construction services and hired API to perform design and engineering services and hired APF to perform construction services in Kansas and Colorado. McDonald Aff., ¶¶ 9-11; Affidavit of Steven D. Danforth, ¶ 3(c). Woofter has no employees in Arkansas and did not travel to Arkansas to meet with any representatives of either API or APF. McDonald Aff., ¶¶ 12, 14.

API and APF argue that this court has jurisdiction and that venue is proper because Woofter "advertises and offers its services to the residents of the state of Arkansas through the use of various media including the World Wide Web" and that Arkansas is "the convenient jurisdiction for all parties involved." Danforth Aff., ¶¶ 3(f), 3(g).

## II. DISCUSSION

Woofter's motion to dismiss is granted. Plaintiffs' claims against Woofter must be dismissed as personal jurisdiction does not exist over Woofter. Further, even if that jurisdiction did exist, venue is not proper.

As a preliminary matter, plaintiffs argue that if affidavits or other documents outside the pleadings are to be considered, then the motion to dismiss should be treated as a motion for summary judgment and analyzed under Rule 56 [Doc. No. 7]. A court, however, can examine affidavits and matters outside the pleadings when personal jurisdiction is challenged. *Stevens v. Redwing*, 146 F.3d 538, 543 (8th Cir. 1998) (citing *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947)); *see also Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990) (stating "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.").

A.   Rule 12(b)(2)

A federal court sitting in a diversity action may assume jurisdiction over a non-resident defendant to the extent permitted by the long arm statute of the forum state. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994). Personal jurisdiction

can be exercised to the fullest extent of due process, so long as Woofter has "certain minimum contacts" with Arkansas that do not "offend traditional notions of fair play and substantial justice." *Anderson v. Dassault Aviation*, 361 F.3d 449, 451 (8th Cir. 2004) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A non-resident defendant's conduct and connection with the forum state must be such that it "should reasonably anticipate being haled into court there" and that there be some act whereby the defendant "purposefully avails itself of the privilege of conducting activities within the forum State[.]" *Guinness Import Co. v. Mark VII Distributors, Inc.*, 153 F.3d 607, 614 (8th Cir. 1998). Since personal jurisdiction is challenged, plaintiffs have the burden of showing that jurisdiction exists. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004). Plaintiffs must make a *prima facie* showing, but that showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and oppositions. *Id.*

There are five factors to be examined when analyzing personal jurisdiction over a defendant: (1) nature and quality of the defendant's contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest in the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Digi-Tel Holdings, Inc. v. Proteq Telecommunications*, 89 F.3d 519, 522 (8th Cir. 1996).

The nature and quality of Woofter's contacts with Arkansas are minimal because it

simply contacted plaintiffs to work on projects in Kansas and Colorado. Danforth Aff., ¶¶ 3(c). The quantity of its contacts with Arkansas is minimal as it sought out plaintiffs via one telephone call to conduct the work in Kansas and Colorado. Danforth Aff., ¶¶ 3(c). The relation of the cause of action to the contacts is again minimal as it seems the only argument for jurisdiction is that plaintiffs reside in Arkansas and that Woofter has a website that can be accessed by residents of Arkansas. *See* Danforth Aff., ¶¶ 3(f), 3(g). The State of Arkansas's interest in providing a forum for plaintiffs is a factor to consider but is not one that weighs heavily because all states have an interest in providing a forum for their residents. Further, it appears that plaintiffs traveled to Kansas to solicit the work and then performed the work in Kansas and Colorado. Danforth Aff., ¶¶ 3(c). Indeed, the state of Arkansas's interest in providing a forum for its residents who solicit business out of state and then travel out of state to perform the work is not great. Finally, the convenience of the parties is not clear but likely would be best served by a forum where the work was performed, and thus where relevant witnesses and evidence are located. In short, plaintiffs have not met their burden of a *prima facie* showing that Woofter has purposefully availed itself of the privileges of conducting activities in Arkansas.

B.   <u>Improper Venue</u>

Even if personal jurisdiction could be exercised over Woofter, venue is not proper here. Diversity suits may be brought only (1) where any defendant resides, if all defendants reside in the same state, (2) where a substantial part of the events or omissions giving rise

to the claim occurred, (3) where any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought*. 28 U.S.C. § 1391(a) (emphasis added).  By plaintiffs' own admission, Woofter is a Kansas corporation, Complaint, ¶ 5, and contracted with plaintiffs to perform work in Kansas and Colorado.  Danforth Aff., ¶¶ 3(c).  Under the venue statute, venue is proper in either Kansas or Colorado and would only be proper in Arkansas if no other proper venue existed.

## IV. CONCLUSION

For the reasons stated above, defendants' motion to dismiss [Doc. No. 4] is granted. Plaintiffs' complaint is hereby dismissed without prejudice

Dated this 30th day of November 2011.

_____
UNITED STATES DISTRICT JUDGE